UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Bank of Elk River, | Civil No. 11-1872 (SRN/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Daniel C. Hinote, | |
| Defendant. | |

Bradley A. Kletscher and Tammy J. Schemmel, Barna Guzy & Steffen, Ltd., 200 Coon Rapids Boulevard, Suite 400, Minneapolis, Minnesota 55433, for Plaintiff.

Howard Silber, Law Offices of Howard Silber, 4607 Lakeview Canyon Road, Suite 155, Westlake Village, California 91361, and Robert A. Hill, Robert Hill & Associates, Ltd., 12700 Anderson Lakes Parkway, Eden Prairie, Minnesota 55344 for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Bank of Elk River's Motion to Remand [Doc. No. 7] and on Defendant Daniel Hinote's Motion to Dismiss or, alternatively, to Transfer Venue [Doc. No. 2]. For the reasons stated below, the Court grants the Motion to Remand, denies the Motion to Dismiss as moot, and remands this case to Sherburne County, Minnesota.

I.  **BACKGROUND**

Plaintiff Bank of Elk River ("Bank") gave Defendant Daniel Hinote a $420,000 home equity line of credit in May 2007. (Compl. ¶ 2.1.) To secure the line of credit, Hinote signed a promissory note, promising to make a minimum payment each month. (Id. ¶¶ 2.2-2.5.) Starting in March 2011, Hinote failed to make the required monthly

payments, thus defaulting on the promissory note. (Id. ¶¶ 3.1-3.2.)

The Bank filed a lawsuit in Minnesota state court seeking to recover under the terms of the promissory note. Under Minnesota rules of procedure, the lawsuit was commenced on June 6, 2011, by service of the Summons and Complaint on Hinote's wife. Hinote purported to remove the lawsuit to this Court on July 12, 2011. The Bank contends that the Notice of Removal was untimely and that the case should be remanded to state court and the Bank should recover its fees and costs associated with the Motion to Remand. For his part, Hinote contends that the case is improperly venued in Minnesota and seeks either a dismissal or a transfer to the District of Colorado,[1] where Hinote currently resides.

## II. DISCUSSION

### A. Remand

According to statute, a notice of removal in a civil action must be filed within 30 days of a defendant's receipt of the complaint. 28 U.S.C. §§ 1446(b). The removal statute further specifies that the notice of removal be filed "in the district court of the United States for the district and division within which" the state-court action is pending. Id. § 1446(a). The time limitations in § 1446 are "mandatory." Charles A. Wright, et al., Federal Practice & Procedure § 3731. The party removing an action to federal court bears

---

[1] Hinote's briefing states that he is requesting a transfer to the Central District of California. (Pl.'s Supp. Mem. [Doc. No. 3] at 6.) He notes in his reply brief that this was a typographical error, but does not explain his opening brief's discussion of a forum-selection clause (there was no such clause in the promissory note), or its discussion of "trade dress design, manufacturing and sales that are the subject of this litigation." (Id.) This is not a trademark case.

the burden to prove that the removal was proper. Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 823 (8th Cir. 2010).

Here, the Complaint was served on Hinote on June 6, 2011.[2] The Notice of Removal was filed in this Court on July 12, 2011. Thus, the removal is facially untimely. Hinote contends that remand is inappropriate because the Bank gave him an extension of time until July 7 to answer the Complaint, and he filed the Notice of Removal in Sherburne County district court on July 7.

As an initial matter, it is doubtful that the parties may by stipulation extend the time for filing a notice of removal.

> It is firmly settled that the time within which the removal may be had cannot be enlarged by continuances, demurrers, motions to set aside service of process, pleas in abatement, or by stipulations of the parties, or by orders of the court extending the time to answer. This doctrine rests upon the solid foundation that the statute is mandatory, and that the right of removal ceases to exist when the time limited therefor has elapsed.

Daugherty v. Western Union Tel. Co., 61 F. 138, 139-40 (Cir. Ct. D. Ind. 1894); see also Peter Holding Co. v. Le Roy Foods, Inc., 107 F. Supp. 56, 57 (D.N.J. 1952) ("Where the right of removal has been lost by failure to file a petition within the statutory period, it cannot be restored by order of the court or by stipulation of the parties. The statutory period is an inflexible rule of law . . . .").

Regardless of whether or not the parties could by agreement extend the statutory

---

[2] Hinote contends that service was improper because the Complaint was served on his wife at their home. The Rules provide that service is effective when accomplished by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Thus, the service on Hinote's wife at their home was proper.

removal period, here the extension granted applied only to Hinote's answer or other responsive pleading.  (Silber Aff. [Doc. No. 14] Ex. 2.)  A notice of removal is not an answer or other responsive pleading.  See Fed. R. Civ. P. 81(c)(2) (providing that "a defendant who did not answer before removal must answer or present other defenses . . . within . . . 7 days after the notice of removal is filed").  Thus, the extension of time did not purport to extend the time for removal.

And finally, even if the extension did somehow apply to Hinote's removal of this action, that removal was untimely even under the terms of the extension.  A notice of removal must be filed in the federal court to which the party intends to remove the action, not in the state court from which the action is being removed.  28 U.S.C. § 1446(a).  Hinote did not file his Notice of Removal in this Court until July 12, 2011, five days after the extension of time to answer the Complaint expired.  The Notice of Removal was therefore untimely by any measure.

Because the Notice of Removal was untimely filed, this Court lacks jurisdiction over the matter and must remand the case to state court.

**B.     Attorney's Fees and Costs**

The Bank seeks its attorney's fees and costs under § 1447(c).  That section provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  This Court has "considerable discretion" in determining whether to award fees under § 1447(c).  Wells Fargo Bank W., N.A., v. Burns, 100 F. App'x 599, 599 (8th Cir.

2004).  In making this determination, the Court may consider "whether the removal was frivolous or was reasonably undertaken in good faith and with some colorable basis." Dubin v. Principal Fin. Group, No. Civ. A. 01-79, 2001 WL 520812, at *2 n.5 (E.D. Pa. May 15, 2011.)  Here, although Hinote was mistaken as to the effect of the extension and the proper procedure for filing a notice of removal to federal court, there is no dispute that the Court would have had jurisdiction over the case if properly removed.  The removal was therefore in good faith and had a colorable basis.  An award of attorney's fees and costs is not appropriate.

**C.     Motion to Dismiss or Transfer**

Having determined that removal was improper, the Court lacks jurisdiction to consider the merits of Hinote's Motion to Dismiss or Transfer Venue.

**D.     Conclusion**

The Notice of Removal was untimely filed.  This case must therefore be remanded to the Minnesota district court for Sherburne County.

**III.    ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Plaintiff Bank of Elk River's Motion to Remand [Doc. No. 7] is **GRANTED**;

  2. Defendant Daniel Hinote's Motion to Dismiss or Transfer Venue [Doc. No. 2] is **DENIED as moot**; and

  3. The Clerk of Court is **DIRECTED** to furnish a certified copy of this Order to the clerk of the district court for Sherburne County, Minnesota, pursuant to 28 U.S.C. § 1447(c).

Dated: Nov. 28, 2011         s/Susan Richard Nelson
                  SUSAN RICHARD NELSON
                  United States District Judge